# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KAVIN L. PEEPLES,**

      **Petitioner,**             **CASE No. 2:21-cv-4998**
    v.                                     **JUDGE JAMES L. GRAHAM**
                                          **Magistrate Judge Kimberly A. Jolson**

**WARDEN, SOUTHERN OHIO**
**CORRECTIONAL FACILITY,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Kavin Lee Peeples, an Ohio prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254 on October 8, 2021. (Doc. 1). Previously, the Sixth Circuit determined that the petition was not second or successive, and therefore Petitioner did not need that Court's authorization to file it. (Doc. 7, PageID 57–58). Upon remand, this matter is before the Undersigned to consider the Amended Petition (Doc. 6), Respondent's Return of Writ (Doc. 26), Petitioner's Reply (Doc. 30), and the state court record (Doc. 25). Also before the Court are several motions filed by Petitioner, including Petitioner's Motion for Order for Medical Treatment (Doc. 18), Motion for Order to Direct Respondent to Allow Access to and Copying of State Held Inmate Medical Records (Doc. 23), Motion for Order Material Access to Courts and Hygiene Items (Doc. 29), Motion to Appoint Counsel (Doc. 31), Motion for Post-Pleading Factual Development Proceedings (Doc. 32), and Motion to Compel Access to Courts (Doc. 40), and MOTION Authorization Clerk to File Habeas Corpus Ad Subjiciendum to Court Appeals (Doc. 53).

1

For the reasons that follow, the Undersigned **RECOMMENDS** this action be **DISMISSED**. Given this posture, Petitioner's various other motions are **DENIED**.

**I. MOTION FOR APPOINTMENT OF COUNSEL**

As an initial matter, Petitioner has filed a renewed motion for the appointment of counsel. (Doc. 31.) It is well settled that there is no constitutional right to counsel in a federal habeas corpus proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Under 18 U.S.C. § 3006A, the Court may permit the appointment of counsel for any financially eligible person seeking relief under 28 U.S.C. § 2241 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the petitioner's ability to investigate facts and present claims. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991). Circuit courts have found no abuse of a district court's discretion in failing to appoint counsel in a federal habeas corpus proceeding where no evidentiary hearing was required, or the issues were straightforward and capable of resolution on the record. *Terrovona v. Kincheloe,* 912 F.2d 1176, 1177 (9th Cir. 1990); *Ferguson v. Jones,* 905 F.2d 211, 214 (8th Cir. 1990). *See also Reese,* 946 F.2d at 264. Here, the issues to be decided are straightforward, and so Petitioner's motion to appoint counsel (Doc. 31) is **DENIED**.

**II. BACKGROUND**

Petitioner is a state prisoner presently incarcerated at the Southern Ohio Correctional Facility ("SOCF") serving a life sentence without the possibility of parole for 30 years, stemming from his 1992 Aggravated Murder conviction in Pickaway County, Ohio. The Ohio Court of Appeals affirmed, *State v. Peeples*, 94 Ohio App. 3d 34, 640 N.E.2d 208 (Ohio App. 4th Dist.

1994), and Petitioner does not challenge that underlying criminal conviction. Instead, he asserts that his continued imprisonment creates a high risk of death due to his underlying immunodeficiency and other health issues. (Doc. 6, PageID 63.) Specifically, on March 3, 2022, Petitioner filed an Emergency Amended Petition raising a single claim:

> A. THE CLAIM:
> I suffer from a[n] incurable serious immunodeficiency disease, there are no penal facilities which would not represent a sufficiently imminent danger of acquisition of infectious disease, development of serious illness, and premature death. There are no alternatives to penal confinement for punishment of crimes which would be constitutionally sufficient. The only measures which would be constitutionally sufficient would be a community custody where conditions conduc[]ive to management of my immunodeficiency disease could be established.

(Doc. 6, at PageID 63.) Petitioner seeks the following relief:

> RELIEF: Because the state has no constitutionally sufficient alternative to penal confinement as a punishment for crimes, I have a constitutional right to seek release from penal confinement and transfer to a constitutionally sufficient community custody. I requested community custody in California with my brother if that is possible.

(*Id*. at PageID 65.)

Petitioner argues that he suffers from a serious and incurable immunodeficiency disease "which periodically renders [his] body unable to replenish white blood cells in [his] body's circulatory system . . . ." (*Id*. at PageID 63). He further asserts that prison officials are aware of his serious medical needs and have failed to effectively treat his "secondary immune disorders," including fungal infections and bleeding sores on his feet, respiratory allergies to laundry detergent, and nut allergies. (*Id*.). Petitioner reports that the conduct of other prisoners within SOCF "facilitates the transmission of infectious diseases," to include spitting on the floors or hallways, vomiting in hallways, lack of proper hygiene, inmate preparation of food, physical altercations resulting in blood loss, throwing of bodily fluids on one another, and coughing, sneezing and sharing showers. (*Id*. at PageID 64). Petitioner clarifies in his Traverse that he is

3

not only susceptible to COVID-19 but "thousands of other communicable infectious diseases which are not lethal to other inmates but will kill the petitioner, and which are present in the penal setting." (Doc. 30, at PageID 418). According to Petitioner, "state and local health departments have called SOCF a communicable infectious disease hotspot in this county. This is the danger the petitioner deals with every day, all day long. Covid-19 will go away but the danger to the petitioner will not as long as there exist other communicable infectious diseases in the penal setting." (*Id*.) The Court liberally construes the petition as attempting to set forth an Eighth Amendment claim based on prison officials' deliberate indifference to a substantial risk of serious harm to Petitioner.

## III. DISCUSSION

### A. Habeas Jurisdiction

The Undersigned recognizes that the proper procedural path to having prisoner grievances and constitutional complaints heard is not always easily discernible. *Pro se* inmates in particular face uncertainty in how and even where to bring constitutional claims, and all too often, courts disagree regarding the appropriate procedural vehicle necessary for a merits determination. COVID-19 has only further muddied the waters, as prisoners seek to advance claims requesting both release from custody due to risk of death from COVID-19, as well as seeking adequate responses to serious medical needs. To have a constitutional claim heard, a prisoner must determine—without clear guidance—whether his claim is cognizable in federal habeas corpus as a claim challenging the validity of confinement or whether the claim challenges the circumstances or conditions of confinement and should be pursued in a civil rights complaint under 42 U.S.C. § 1983. Frequently, a prisoner's claim could arguably be characterized as both, and "[a]pplying that

4

dividing line in a given case . . . has proven difficult." *Walker v. Warden*, No. 1:20-cv-302, 2022 WL 4553337, at *5 (S.D. Ohio Sept. 28, 2022).

Near the onset of the COVID-19 pandemic, the Sixth Circuit held that federal prisoners seeking immediate release from custody due to health risks associated with COVID-19 could file a petition for a writ of habeas corpus, because "release from confinement . . . is 'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 837–38 (6th Cir. 2020) ("To the extent petitioners argue the alleged unconstitutional conditions of their confinement can be remedied only by release, 28 U.S.C. § 2241 conferred upon the district court jurisdiction to consider the petition.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). *See also Smith v. Warden*, No. 2:20-cv-5830; 2:20-cv-5915, 2021 WL 2689613, at *1 (S.D. Ohio June 8, 2021) (collecting cases applying *Wilson* to permit such challenges). Yet courts have not been uniform in their approach to COVID-19 prisoner cases. *See*, e.g., *Basri v. Barr*, 469 F. Supp. 3d 1063 (D. Co. 2020) (finding that where claim alleges detaining petitioner under present COVID-19 conditions is illegal, proper vehicle for relief is §1983). Even within the Sixth Circuit there has been ambiguity regarding whether 28 U.S.C. § 2241 or § 2254 is the proper habeas provision *state* prisoners should pursue to plead their claims. In *Whitley v. Horton,* No. 20-1866, 2020 WL 8771472, at *1 (6th Cir. Dec. 11, 2020), the Sixth Circuit noted a state prisoner should bring a COVID-19 habeas claim under § 2254 instead of § 2241, because a prisoner is 'in custody' under a state court judgment. By contrast, in the Order remanding the instant petition and determining it was not second or successive, the Sixth Circuit stated: "We have recognized that a state prisoner who seeks release from confinement due to COVID-19, claiming that no other set of conditions would remedy the alleged constitutional violation, raises a cognizable claim for habeas relief under § 2241." (Doc. 7, at PageID 57). *See*

5

*also Cameron v. Bouchard*, 815 F. App'x 978, 983 n.1 (6th Cir. 2020) (permitting state prisoners and pretrial detainees to bring COVID-19 challenges under § 2241).

At the time *Wilson* was decided, little was known about the novel coronavirus, including how it was spread from person to person, and how to contain or mitigate it within a communal setting. The pandemic presented challenges not seen in more than a century. But, as the Honorable Benita Y. Pearson noted earlier this year, "most of the prisons in the United States reacted quickly to develop policies that effectively controlled the spread of the virus." *Leverette v. Garland*, Case No. 4:21-cv-1613, 2022 WL 1289227, at *2 (N.D. Ohio Apr. 29, 2022). New and evolving advancements in medical science including the development of vaccines have made it nearly impossible for an inmate to succeed on a COVID-19 related Eighth Amendment habeas claim. This begs the question of whether habeas remains a viable course for prisoners to pursue.

Nevertheless, the Sixth Circuit has spoken, and this Court must assume that Petitioner's claims can still be brought in habeas corpus. As the Honorable Douglas Cole recently recognized, regardless of whether *Wilson* was wrong—it "is published Sixth Circuit precedent, and thus binds this Court." *Walker v. Warden*, No. 1:20-cv-302, 2022 WL 4553337, at *5 (S.D. Ohio Sept. 28, 2022). Permitting Petitioner's claim to be raised in habeas, however, means Petitioner must comply with the habeas statutory restrictions and procedural requirements. This Petitioner has not done so.

### B. Exhaustion

Noting the procedural hurdles Petitioner must clear, Respondent raises the issue of exhaustion. The statute governing habeas petitions filed by state prisoners provides that an application for a writ of habeas corpus shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or

6

circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Supreme Court of Ohio. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

The Undersigned has recognized that although a state prisoner generally must exhaust state court remedies before coming to federal court, courts have been divided on whether the exhaustion requirement applies to COVID-19 related Eighth Amendment prisoner claims. *Smith v. Warden*, No. 2:20-cv-5830; 2:20-cv-5915, 2021 WL 2689613 (S.D. Ohio June 8, 2021) (quoting *Smith v. DeWine*, 476 F. Supp. 3d 635, 656 (S.D. Ohio Aug. 3, 2020)). As noted, much has changed since the onset of the COVID-19 pandemic, including the development of vaccines, evolving recommendations of the CDC and other health officials, and targeted response by prison officials. As a result, many COVID-19 Eighth Amendment claims have failed on the merits or failed to survive a Rule 4 screening, as petitioners are unable to plead facts sufficient to satisfy the subjective prong of the deliberate indifference standard. Given these developments, the Undersigned has preferred to proceed to the merits of these claims, even where exhaustion is not evident. *See, e.g., Lichtenwalter v. Warden*, No. 2:20-cv-1559, 2021 WL 843162, at *4 (S.D. Ohio

Mar. 5, 2021) (noting that "a federal district court may dismiss an unexhausted claim on the merits") (citing *Cameron v. Bouchard*, 815 F. App'x 978, 983 n.1 (6th Cir. 2020) (declining to address non-jurisdictional procedural issues where COVID-19 claim fails on the merits)).  Here, however, Petitioner's susceptibility to COVID-19 is just one part of his Eighth Amendment claim, as he contends that he is at great risk of death due to any number of unidentified infectious diseases based on his also unnamed immune disorder.  And it is clear from the face of the Amended Petition that Petitioner has not presented this Eighth Amendment claim to the Ohio courts prior to filing the instant petition.

Recently, the Sixth Circuit has refused to grant a certificate of appealability to petitioners whose COVID-19 habeas claims have been deemed unexhausted. *See Carter v. Cheeks*, No. 21-1171, 2021 WL 3671139, at *2 (6th Cir. July 23, 2021) ("We have previously denied a COA application by a Michigan prisoner who filed a habeas petition alleging that the risk of COVID-19 infection subjected him to cruel and unusual punishment in violation of the Eighth Amendment on the basis that he failed to exhaust state court remedies."); *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (denying Michigan state prisoner pursuing COVID-19 habeas claim a COA where prisoner failed "to exhaust his available state remedies before seeking relief in federal court under § 2241" and finding prisoner "failed to explain why the state courts cannot effectively grant him the emergency relief he seeks."); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *2 (6th Cir. Dec. 11, 2020) (denying COA on unexhausted COVID-19 habeas claim and noting state remedies are available because petitioner could "file a postconviction motion, a state habeas corpus petition, or a state civil action in which he can raise the claims raised in his present petition."). *See also Walker v. Warden*, 1:20-cv-302, 2022 WL 4553337, at *5 (S.D. Ohio Sept. 28, 2022) (Cole, D.J.) (noting that Ohio provides avenues for COVID-related release)

8

(citing *Whitley*, 2020 WL 8771472, at *2); *Makin v. Wainwright*, No. 3:20-cv-912, 2020 WL 2085141, at *2 (N.D. Ohio Apr. 30, 2020) (dismissing habeas petition on exhaustion grounds and rejecting petitioner's argument that exhaustion would be futile).

Because petitioner has failed to afford the Ohio courts an opportunity to address his constitutional claim prior to filing the instant action, this case should be **DISMISSED without prejudice** for failure to exhaust.

### C. Conditions of Confinement Claims

The remainder of Petitioner's allegations do not sound in habeas. In addition to requesting his release from confinement, Petitioner argues that prison officials have failed to treat his secondary immune disorders leaving him susceptible to injury and death. Petitioner also complains that he has been exposed to peanut allergens, deprived of necessary hypoallergenic laundry detergent and soap, denied access to "white cell differential testing" before vaccinations, and denied other unspecified preventative medical treatments. These allegations all pertain to Petitioner's conditions of confinement and are not a proper basis for habeas relief. This point is further evidenced by considering the various motions Petitioner has filed seeking relief in the form of access to medical treatment and transfer (Doc. 18), access to medical records (Doc. 23), and access to the courts, mail and hygiene items (Docs. 24, 29). These motions all seek relief other than his unconditional release from prison. Accordingly, the Undersigned **RECOMMENDS** the remainder of Petitioner's Complaint and various motions be **DISMISSED without prejudice**, as outside the scope of habeas corpus. The Court notes that Petitioner has filed a separate action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. *See* Case No. 1:22-cv-622 (S.D. Ohio). That case remains pending before the Honorable Michael R. Barrett.

### D. Remaining Motions

9

Petitioner has filed several additional motions: Motion for an order for medical treatment (Doc. 18), motion for order to direct respondent to allow access to and copying of state held inmate medical records (Doc. 23), motion for order for material access to courts and hygiene items (Doc. 29), motion for post-pleading factual development proceedings (Doc. 32), and motion to compel access to courts (Doc. 40), and motion Authorization Clerk to File Habeas Corpus Ad Subjiciendum to Court Appeals (Doc. 53). Because it is recommended that this entire action be dismissed, those motions ought to be denied. And, upon independent review, the Undersigned has determined that the motions have no merit or otherwise are not proper filings in a habeas action. Accordingly, the motions are **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Amended Petition be **DISMISSED without prejudice** for failure to exhaust state court remedies and because portions of Petitioner's claim are not properly brought in habeas corpus.

It is further **ORDERED** that Petitioner's motion to appoint counsel (Doc. 31), motion for an order for medical treatment (Doc. 18), motion for order to direct respondent to allow access to and copying of state held inmate medical records (Doc. 23), motion for order for material access to courts and hygiene items (Doc. 29), motion for post-pleading factual development proceedings (Doc. 32), and motion to compel access to courts (Doc. 40), and motion for Authorization Clerk to File Habeas Corpus Ad Subjiciendum to Court Appeals (Doc. 53) be **DENIED**.

Because no reasonable jurist would disagree with this conclusion, the Undersigned **RECOMMENDS** that Petitioner should not be granted a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

Further, this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous, and therefore Petitioner should not be permitted to proceed in forma pauperis on appeal.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

Date: January 17, 2023                                             /s/ Kimberly A. Jolson
                                                                                      KIMBERLY A. JOLSON
                                                                                      UNITED STATES MAGISTRATE JUDGE