IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAVIN L. PEEPLES, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, SOUTHERN OHIO CORRECTIONAL FACILITY, <br><br> Respondent. | Case No. 2:21-cv-4998 <br><br> Judge James L. Graham <br><br> Magistrate Judge Kimberly A. Jolson |

## ORDER

This matter is before the Court for consideration of the assigned Magistrate Judge's January 17, 2023 Report and Recommendation ("R&R"), Doc. 54. Petitioner Kavin Peeples is an Ohio inmate presently incarcerated at the Southern Ohio Correctional Institute ("SOCF") serving a life sentence without the possibility of parole for 30 years, stemming from his 1992 Aggravated Murder conviction in Pickaway County, Ohio. He filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 asserting that his imprisonment creates a high risk of death due to his immunodeficiency and other health issues. Doc. 6. He claims:

> I suffer from an incurable serious immunodeficiency disease, there are no penal facilities which would not represent a sufficiently imminent danger of acquisition of infectious disease, development of serious illness, and premature death. There are no alternatives to penal confinement for punishment of crimes which would be constitutionally sufficient. The only measures which would be constitutionally sufficient would be a community custody where conditions conductive to management of my immunodeficiency disease could be established.

Doc. 6 at 5. He also complains that he has been exposed to peanut allergens, deprived of necessary hypoallergenic laundry detergent and soap, denied access to "white cell differential testing" before vaccinations, and denied other unspecified preventative medical treatments. *Id.* at 8-10. He

1

requests "release from penal confinement and transfer to a constitutionally sufficient community custody." *Id.* at 7.

Petitioner filed numerous motions during the pendency of this case: a motion for order for medical treatment, Doc. 18; a motion for order to direct respondent to allow access to and copying of state held inmate medical records, Doc. 23; two motions for orders for materials, access to courts, and hygiene items, Docs. 24 and 29; a motion for post-pleading factual development proceeding, Doc. 32; a motion to compel access to courts, Doc. 40, and a motion for authorization for the clerk to file habeas corpus ad subjiciendum to court of appeals, Doc. 53.

The Magistrate Judge construed the petition as attempting to set forth an Eighth Amendment claim based on prison officials' deliberate indifference to a substantial risk of serious harm to himself. Doc. 54 at 4. She makes two recommendations in her R&R. First, the Magistrate Judge recommends that the petition be dismissed without prejudice because Petitioner failed to exhaust state remedies. *Id.* at 9. She acknowledged that it may be appropriate, and indeed is her practice, to reach the merits of COVID-19 Eighth Amendment claims despite the failure to exhaust because the many developments since the onset of the pandemic (the development of vaccines, evolving recommendations by health officials, and targeted response by prison officials) makes it difficult for petitioners to plead facts sufficient to satisfy the subjective prong of the deliberate indifference standard. Doc. 54 at 7. However, she declined to reach the merits here because Petitioner's Eighth Amendment claim is based on any number of unidentified infectious diseases, not just COVID-19. *Id.* at 8. Second, the Magistrate Judge recommends that to the extent Petitioner's numerous other motions seek remedies other than unconditional release from prison, the motions be dismissed without prejudice as outside the scope of habeas corpus. *Id.* at 9.

2

Petitioner and Respondent both timely filed objections to the R&R. Petitioner seeks leave to file an instanter reply to the government's response to his objections, Doc. 59. The Court **GRANTS** this request and will consider Petitioner's reply. Briefing on the objections are complete and this matter is ripe for review.

### A. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Petitioner's Objections

Petitioner asserts six objections on two substantive grounds: (1) that he need not exhaust state remedies because Ohio law offers him no remedy and (2) that his "requests" for remedies other than unconditional release were merely requests to establish the merits of his case through medical examinations. *See generally* Doc. 57-1.

Starting with Petitioner's first objection, a state prisoner seeking federal habeas corpus must first exhaust state court remedies unless (1) the state has no available remedies or (2) circumstances exist that render the available remedies ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b)(1). This exhaustion requirement has its roots in principles of comity. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). State courts, like federal courts, must enforce federal law. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to

review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citations omitted).

To that end, § 2254(c) requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *Id.* at 845; *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004). State prisoners must provide the State only a *fair* opportunity to act on their claims. *Id.* (citations omitted). A petitioner need not pursue a state remedy when its availability is speculative or conjectural. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971).

Here, it is undisputed that Petitioner has not provided Ohio a fair opportunity to act on his constitutional claim. Petitioner asserts that his failure to exhaust does not preclude his petition because Ohio has no available remedy by which he can present his Eighth Amendment claim.

In addressing whether Ohio offers an available remedy, the Court starts with reviewing Ohio's writ of habeas corpus. In Ohio, "whoever is unlawfully restrained of his liberty . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation. Ohio Rev. Code § 2725.01. This writ of habeas corpus is subject to three limitations: (1) the petitioner must be entitled to immediate release from prison or confinement, (2) there must be no other adequate remedy available in the ordinary course of law, and (3) generally, the petitioner's maximum sentence must have expired and the petitioner is being held unlawfully. *McIntyre v. Hooks*, 165 N.E.3d 229, 232 (Ohio 2020) (citations omitted).

Petitioner first argues that an Ohio petition for writ of mandamus would invariably fail because "state courts will not enforce federal constitutional rights which are not consistent with state law." Doc. 57-1 at 49. He bases this theory on a prior experience with the Supreme Court of Ohio. *See id.* at 10. In 1995, Petitioner appealed the dismissal of a mandamus action to the Supreme

4

Court of Ohio. He had requested a writ of mandamus compelling the warden of the correctional institute housing him to, among other things, periodically test him for HIV following an incident where he was exposed to an HIV-positive inmate's blood. *State ex rel. Peeples v. Anderson*, 653 N.E.2d 371, 373 (Ohio 1995) (per curiam). The Supreme Court of Ohio affirmed the dismissal. It explained that a writ of mandamus can only be issued where there is no adequate remedy in the ordinary course of the law. *Id.* at 560. It found that a civil rights action under 42 U.S.C. § 1983 constituted an adequate remedy because it can provide declaratory, injunctive, and/or monetary relief. *Id.*

Petitioner understood the Supreme Court of Ohio's opinion to say that Ohio courts will not address violations of his federal constitutional rights. Doc. 57-1 at 13. He now reads the Magistrate Judge's finding that he must first exhaust his state remedies as the federal and Ohio judicial systems trying to pass the buck:

> The federal courts are now doing what the state courts did, telling Peeples to go to the state courts and have the state courts grant your federal constitutional rights.
>
> The state courts told Peeples to go to the federal courts, and have the federal courts vindicate your federal constitutional rights.

Doc. 57-1 at 13. Petitioner's frustration is understandable, but misguided. The Supreme Court of Ohio denied his mandamus action due to the existence of another remedy, which happened to be a federal law claim. Ohio does enforce federal constitutional rights. *See O'Sullivan*, 526 U.S. at 844 ("State courts, like federal courts, are obligated to enforce federal law.").

Writs of habeas corpus also cannot be issued where there is an adequate remedy in the ordinary course of law. *McIntyre*, 165 N.E.3d at 232. The question then arises whether a habeas corpus action filed in an Ohio court would meet the same fate as Petitioner's mandamus action. The answer is definitive: no. Petitioner's mandamus action failed because § 1983 provided an

5

adequate remedy – namely injunctive relief. Were Petitioner to pursue a habeas action in Ohio court, § 1983 would not pose a barrier because it cannot provide the requested relief – release from imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Petitioner next asserts that Ohio's writ of habeas corpus is unavailable because his maximum sentence, life in prison, has not expired. Doc. 57-1 at 29. Petitioner is correct that *generally* Ohio's writ of habeas corpus applies only where the prisoner's maximum sentence has expired. *McIntyre*, 165 N.E.3d at 232. This rule has been applied to deny habeas relief where the prisoner would not be entitled to release even absent the unlawful conduct. *See Heddleston v. Mack*, 702 N.E.2d 1198 (Ohio 1998) (habeas corpus denied where petitioner claimed mistaken calculation of jailtime deprived him of an earlier parole hearing rather than immediate release). Petitioner has provided no case law to suggest it applies in situations where, as here, the prisoner asserts an immediate right to release regardless of his term of imprisonment.

In sum, Petitioner failed to show that Ohio habeas corpus is unavailable. Therefore, the Court agrees with the Magistrate Judge that Petitioner is required to exhaust state remedies prior to filing his federal habeas action in this Court. Because the Court finds that Petitioner's petition requires dismissal for failure to exhaust, it does not reach his second objection regarding the underlying motions.

### C. Respondent's Objections

Respondent concedes that "the Magistrate Judge has not clearly erred," but asks the Court to exercise its discretion to deny the petition on the merits notwithstanding Petitioner's

failure to exhaust. Doc. 55. at 2. It asserts that the petition fails because "it is reasonable and rational to conclude that preventative measures initiated in response to the COVID-19 virus are also beneficial in controlling the spread of other communicable diseases." Doc. 55 at 4.

The Court agrees with the Magistrate Judge that the preferable course is for Petitioner to exhaust his state remedies. Rather than presume that COVID-19 protective measures equally decrease the likelihood of Petitioner contracting any other infectious disease, the Court leaves Ohio Courts to evaluate the actions taken at the SOCF.

### D. Conclusion

The Court finds no clear error, agrees with the Magistrate Judge's R&R, Doc. 54, and **ADOPTS** the same. The parties' objections, Docs. 55 and 57, are **OVERRULED**. As Petitioner has not exhausted state remedies, his habeas petition and motions, Docs. 6, 18, 23, 274, 29, 32, 40, and 53, are **DISMISSED WITHOUT PREJUDICE**.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 12, 2023